**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES LAMARK EARLY,

    Petitioner,

vs.                                       Case No.:    3:15-cv-487-J-34JBT
                                                                    3:12-cr-71-J-34JBT

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner James Lamark Early's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, Motion to Vacate)[1], as amended (Civ. Doc. 8, First Motion to Amend; Civ. Doc. 20, Second Motion to Amend).[2] Early also filed a number of motions for leave to cite supplemental authorities, which the Court construes as notices of supplemental authority. (Civ. Doc. 4, First Notice of Supplemental Authority; Civ. Doc. 14, Second Notice of Supplemental Authority; Civ. Doc. 16, Third Notice of Supplemental Authority). Early raises several claims, but they all revolve around his classification as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The United States has responded (Civ. Doc. 12, Response; Civ.

---

[1] Citations to the record in the underlying criminal case, United States vs. James Lamark Early, Case No. 3:12-cr-71-J-34JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:15-cv-487-J-34JBT, will be denoted as "Civ. Doc. __."

[2] The Court granted the First Motion to Amend as a matter of course, under Fed. R. Civ. P. 15(a)(1)(B), because Early sought the amendment before the United States responded. The Court has not yet ruled on the Second Motion to Amend, but that motion is due to be granted. In reality, both motions to amend are more akin to notices of supplemental authority, as Early does not so much make new allegations and instead adds legal argument in light of the new cases. The United States does not oppose the Second Motion to Amend, but maintains that Early's claim lacks merit. See Response to Second Motion to Amend at 1.

1

Doc. 25, Response to Second Motion to Amend), and Early has replied (Civ. Doc. 13, First Reply; Civ. Doc. 26, Second Reply). The case is ripe for a decision.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[3], the Court has considered the need for an evidentiary hearing and determines that an evidentiary hearing is not necessary to resolve the merits of this action. See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) ("On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[4] For the reasons set forth below, Early's Motion to Vacate is due to be denied.

**I.  Background**

On April 19, 2012, a grand jury sitting in the Middle District of Florida indicted Early on one count of conspiracy to distribute 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One); one count of maintaining a

---

[3]  Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

[4]  Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

drug premises, in violation of 21 U.S.C. § 856(a) (Count Two); and four counts of distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Six through Nine). (Crim. Doc. 1, Indictment). Shortly thereafter, the United States filed an information to establish prior convictions under 21 U.S.C. § 851 (Crim. Doc. 13, § 851 Information; Crim. Doc. 13-1, Judgments of Prior Convictions), which increased Early's potential maximum sentence pursuant to 21 U.S.C. § 841(b). The § 851 Information identified five prior convictions (all of which occurred in St. Johns County, Florida): (1) the unlawful sale or delivery of a controlled substance in Case No. CF97-2550, (2) the possession of cannabis with intent to sell in Case No. CF01-2706, (3) the possession of cannabis with intent to sell in Case No. CF02-1348, (4) the possession of cocaine with intent to sell in Case No. 01-171CF, and (5) the sale of cocaine in Case No. 01-172CF.

On October 30, 2013, Early pled guilty to Counts Six through Nine under a written Plea Agreement. (Crim. Doc. 103, Plea Agreement; Crim. Doc. 137, Change of Plea Transcript ["Plea Tr."]). Of particular relevance, Early stipulated that he qualified to be sentenced as a career offender under U.S.S.G. § 4B1.1. Plea Agreement at 3, ¶ A.6. Early further acknowledged that he faced a potential prison sentence of 30 years as to each count, and that cumulatively, he faced a potential prison sentence of up to 120 years. Id. at 2, ¶ A.2. In exchange for Early's guilty pleas, the United States agreed to dismiss Counts One and Two of the Indictment, and to recommend a downward adjustment under § 3E1.1(a) of the United States Sentencing Guidelines for acceptance of responsibility. Plea Agreement at 3, ¶ A.4; 4, ¶ A.7.

During the plea colloquy, after placing Early under oath, the magistrate judge asked Early whether he and his attorney had discussed the federal sentencing guidelines, and

Early affirmed that they had. Plea Tr. at 12. The magistrate judge also asked Early – several times – whether he had read and understood the Plea Agreement, and whether he had discussed it with his attorney. Id. at 8, 17-18, 19, 22. Each time, Early responded affirmatively. Early stated that he had no questions about his Plea Agreement, that he had been given adequate time to discuss the case with his attorney, and that he was satisfied with his attorney's representation. Id. at 19, 22, 32-33. Having been thoroughly advised of his rights, and of the nature and consequences of pleading guilty, Early affirmed to the Court that he wished to plead guilty to Counts Six through Nine. Id. at 22-23, 33-34. The Court accepted Early's plea and adjudicated him guilty. (Crim. Doc. 112, Acceptance of Plea and Adjudication of Guilt).

Early's sentencing proceedings occurred over the course of three hearings on April 7, April 24, and April 25, 2014. (Crim. Doc. 139, Sentencing Transcript, Volume I ["Sent. Tr., Vol. I"]; Crim. Doc. 141, Sentencing Transcript, Volume II ["Sent. Tr., Vol. II"]; Crim. Doc. 143, Sentencing Transcript, Volume III ["Sent. Tr., Vol. III"]). Early's counsel, Gerald Bettman, contested several aspects of the Presentence Investigation Report (PSR), including the drug quantity attributable to Early, whether he deserved a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1), and whether Early deserved a two-level enhancement for maintaining a drug premises under U.S.S.G. § 2D1.1(b)(12). (Crim. Doc. 117, Sentencing Memorandum at 1-3). Consistent with his Plea Agreement, however, Early acknowledged that he qualified to be sentenced as a career offender and never contested the designation. See Sent. Tr. Vol. I at 19; Sent. Tr. Vol. II at 12-13, 42, 80-81. Ultimately, the Court determined that Early's total offense level under the Sentencing Guidelines was 32 and his Criminal History Category was VI, yielding an advisory

4

sentencing range of 210 to 262 months in prison. Sent. Tr. Vol. II at 51. After hearing both sides' arguments concerning the 18 U.S.C. § 3553(a) factors and listening to mitigation, the Court varied below the Guidelines range and sentenced Early to concurrent terms of 170 months in prison as to each count, followed by six years of supervised release. Sent. Tr. Vol. III at 12; Crim. Doc. 124, Judgment.

Early did not file a notice of appeal. As such, his conviction and sentence became final 14 days after the Court entered judgment. Less than a year later, Early timely filed the instant Motion to Vacate. Early raises several claims, including three claims of ineffective assistance of counsel, all of which relate to his status as a career offender. For the reasons set forth below, each claim lacks merit.

## II.     Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered in a collateral attack. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

As with any Sixth Amendment ineffective assistance of counsel claim, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that his counsel's deficient performance sufficiently prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). In determining whether the petitioner has satisfied the first requirement, i.e. that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks, 26 F.3d at 1036. The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance." Id. To satisfy the second requirement, that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

### A. Ground One

In Ground One, Early claims that counsel was ineffective because he failed to argue that "Petitioner was erroneously classified as a career offender where his instant crime of

conviction under 21 U.S.C. § 841(a) contains no penalty provision and therefore does not categorically define a federal felony offense as required under § 4B1.1 and § 994(h)(1) post-Descamps[5] and Alleyne[6]." Motion to Vacate at 4. Early filed a notice of supplemental authority, in which he contends that Moncrieffe v. Holder, 133 S. Ct. 1678 (2013)[7], and United States v. Lockett, 810 F.3d 1262 (11th Cir. 2016)[8], support the claim that his conviction under § 841(a) cannot count as a "controlled substance offense" under U.S.S.G. § 4B1.1. (Civ. Doc. 14, Second Notice of Supplemental Authority). Early also filed the Second Motion to Amend, which the Court construes as a notice of supplemental authority, to argue that Mathis v. United States, 136 S. Ct. 2243 (2016),[9] also supports his claim that the instant offense of conviction under § 841(a) is not categorically a felony, and therefore not a controlled substance offense. (Civ. Doc. 20, Second Motion to Amend).

---

[5] Descamps v. United States, 133 S. Ct. 2276 (2013) (in determining whether a prior conviction counts as a generic burglary under the Armed Career Criminal Act's enumerated offense clause, a court may use the modified categorical approach only if the definition of the prior offense is divisible, i.e., if the definition is composed of alternative elements).

[6] Alleyne v. United States, 570 U.S. 99 (2013) (any fact that would increase the mandatory minimum sentence, other than the fact of a prior conviction, is an element of the offense and must be admitted by the defendant or proven to a jury beyond a reasonable doubt). See also Apprendi v. New Jersey, 530 U.S. 466 (2000) (any fact that would increase the maximum sentence, other than the fact of a prior conviction, is an element of the offense and must be admitted by the defendant or proven to a jury beyond a reasonable doubt).

[7] In Moncrieffe, the Supreme Court held that a conviction under Georgia's statute criminalizing possession with intent to distribute marijuana, which does not require remuneration, does not constitute "illicit trafficking in a controlled substance" under the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii). 133 S. Ct. at 1687-88.

[8] In Lockett, the Eleventh Circuit held that South Carolina's burglary statute was not divisible, such that a court could not use the modified categorical approach to determine whether it qualified as a generic burglary under the Armed Career Criminal Act. 810 F.3d at 1270-72.

[9] In Mathis, the Supreme Court offered guidance regarding how to distinguish between "alternative means" and "alternative elements" in the definition of a prior conviction, for purposes of deciding whether the modified categorical approach could be used to determine whether the prior conviction is a violent felony under the ACCA.

Early's claim lacks merit for several reasons. First, Early admitted to being a career offender as part of his Plea Agreement. Early points to nothing suggesting that any part of his guilty plea, including the career offender stipulation, was anything less than knowing and voluntary. Indeed, Early acknowledged at the plea colloquy that he and his attorney had discussed the federal sentencing guidelines, Plea Tr. at 12, and that he had fully read and understood the Plea Agreement, id. at 8, 17-18, 19, 22. These statements, made under oath, establish that Early knowingly and voluntarily accepted the career offender stipulation, which he cannot disregard now. See United States v. Makris, 221 F. App'x 856, 857-58 (11th Cir. 2007). Second, counsel did not have a reasonable basis for arguing that a conviction under 21 U.S.C. § 841(a) is not a "controlled substance offense." To the Court's knowledge, no court has ever held that 21 U.S.C. § 841(a) is not a controlled substance offense within the meaning of the career offender provision. None of the case law Early cites supports this contention, or even involves the application of the career offender enhancement. Indeed, a violation of 21 U.S.C. § 841 seems to be the quintessential controlled substance offense. Section 994(h) of Title 28, United States Code, which directs the United States Sentencing Commission to develop a career offender guideline, specifically lists a violation of 21 U.S.C. § 841 as the type of offense of conviction that would trigger the application of the enhancement. 28 U.S.C. § 994(h)(1)(B).

Moreover, Early's argument ignores that he was indicted for, and pled guilty to, not just violations of 21 U.S.C. § 841(a)(1), but also violations of § 841(b)(1)(C). Indictment at 3-5; Plea Agreement at 1, ¶ A.1; see also Plea Tr. at 14-15. While § 841(a)(1) itself does not contain any penalty provisions, § 841(b) does, depending on the type and quantity of the controlled substance. Following Apprendi and Alleyne, the type and quantity of the

controlled substance are elements of a violation under § 841(a). <u>United States v. Curbelo</u>, 726 F.3d 1260, 1267-70 (11th Cir. 2013). Early admitted his guilt under § 841(b)(1)(C) as well as § 841(a)(1), meaning he admitted to distributing a schedule I or schedule II controlled substance. In other words, the instant offense of conviction consists not only of Early's conviction for distributing a controlled substance in violation of § 841(a)(1), but specifically for distributing a schedule I or schedule II controlled substance (cocaine base) in violation of § 841(b)(1)(C), which carries a maximum term of imprisonment of 20 years (or 30 years in the case of a person who, like Early, has a prior conviction for a felony drug offense). Early's argument that § 841(a) is not a "controlled substance offense" because it does not contain a penalty provision ignores the fact that the types and quantities of controlled substances are elements of the offense as well, as set forth in § 841(b).

Turning to the definition of a "career offender" and a "controlled substance offense," the instant offenses of conviction under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) qualified Early for the career offender enhancement. According to U.S.S.G. § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Early's current contention concerns the second part of the definition: whether the instant offense of conviction is a felony controlled substance offense. According to U.S.S.G. § 4B1.2(b), a controlled substance offense

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

9

Early's instant offenses of conviction meet the definition of a controlled substance offense. Section 841(a)(1) is a federal statute that makes it a crime " to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." A violation for distributing any quantity of a schedule I or schedule II controlled substance under § 841(b)(1)(C) is punishable by up to 20 years in prison (or as noted earlier, up to 30 years for a defendant with a prior conviction for a felony drug offense). Thus, a violation of §§ 841(a)(1) and 841(b)(1)(C) is (1) an offense under federal law, (2) punishable by imprisonment for a term exceeding one year, (3) that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense. Thus, Early's instant offenses of conviction qualified him for the career offender enhancement.

Because Early's offenses of conviction qualified him for the career offender enhancement, counsel had no basis for disputing the point. Plainly, "[a] lawyer cannot be deficient for failing to raise a meritless claim." Freeman v. Att'y Gen., 536 F.3d 1225, 1233 (11th Cir. 2008). As such, Ground One lacks merit and relief is due to be denied.

**B. Ground Two**

In his second ground, Early claims that counsel was ineffective "in failing to argue that post-Descamps Petitioner's prior Fla. Stat. § 893.13 conviction was not a 'controlled substance' offense as defined within U.S.S.G. § 4B1.2 and § 994(h)(2)." Motion to Vacate at 7. Early makes several sub-arguments, but they can be grouped into three: he specifically claims that (1) a conviction under section 893.13 is not a "controlled substance offense" because it is not substantially similar to a federal drug trafficking crime, particularly

10

in that section 893.13(1) imposes no mens rea requirement with respect to the illicit nature of the controlled substance; (2) a conviction under section 893.13 is not a controlled substance offense because it is not categorically a felony; and (3) the government failed to establish his prior convictions with Shepard documents. Motion to Vacate at 7-22. Each of the subclaims is frivolous.

It bears repeating that Early stipulated to being a career offender as part of his Plea Agreement, and at no point did he contest the career offender classification. Nor is there any indication that Early's guilty plea was anything other than knowing and voluntary. For that reason alone, the ineffective assistance claim should fail because counsel had no basis for challenging the career offender designation. Nevertheless, the Court will address the specific subclaims.

As to the first subclaim, the Eleventh Circuit has rejected the notion that a conviction under Florida Statute section 893.13(1) is not a "controlled substance offense" because it lacks a mens rea requirement concerning the illicit nature of the substance. United States v. Pridgeon, 853 F.3d 1192, 1197-1201 (11th Cir. 2017); United States v. Smith, 775 F.3d 1262, 1267-68 (11th Cir. 2014). Section 4B1.2(b) unambiguously defines the term "controlled substance offense" to include "any offense under state law, punishable by more than one year of imprisonment, 'that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense.'" Smith, 775 F.3d at 1267 (quoting U.S.S.G. § 4B1.2(b) (2013)) (emphasis added).[10] "No element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied by either [18

---

[10] Because § 4B1.2 unambiguously defines the term "controlled substance offense," Early's attempt to invoke the rule of lenity, Motion to Vacate at 19, must fail, Smith, 775 F.3d at 1267.

11

U.S.C. § 924(e)(2)(A) or U.S.S.G. § 4B1.2(b)]." Id. Thus, "[s]ection 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of mens rea with respect to the illicit nature of the controlled substance." Id. at 1268.[11] Early relies on Young v. United States, 936 F.2d 533 (11th Cir. 1991), for the proposition that a prior state conviction must be "substantially similar" to a federal drug trafficking crime to qualify as a controlled substance under U.S.S.G. § 4B1.2. However, as explained in Smith, his reliance is misplaced because Young concerned an outdated version of § 4B1.2. 775 F.3d at 1268. The current version of § 4B1.2 does not require a state drug conviction to match the elements of a generic or federal controlled substance offense. See id. at 1267 ("We need not search for the elements of 'generic' definitions of 'serious drug offense' and 'controlled substance offense' because these terms are defined by a federal statute and the Sentencing Guidelines, respectively.").

As to Early's second subclaim, he may be right that Florida Statute section 893.13 is not categorically a felony, because some infractions of that statute are misdemeanors.

---

[11] Early moved to amend and filed two notices of supplemental authority to argue that McFadden v. United States, 135 S. Ct. 2298 (2015), Mellouli v. Lynch, 135 S. Ct. 1980 (2015), and Mathis, 136 S. Ct. 2243, support his claim that counsel was ineffective for not challenging whether section 893.13 is a controlled substance offense. (Civ. Doc. 4, First Notice of Supplemental Authority; Civ. Doc. 8, First Motion to Amend; Civ. Doc. 16, Third Notice of Supplemental Authority). These cases are inapplicable because none involved the career offender guideline or Florida Statute section 893.13. See also Jones v. United States, 650 F. App'x 974, 977 (11th Cir. 2016) (McFadden "did not address the mens rea requirement for serious drug offenses under the ACCA or controlled-substance offenses under the career-offender guidelines."); cf. United States v. Johnson, 663 F. App'x 738, 740 (11th Cir. 2016) ("The Mellouli decision is not on point both because it involves a state statute very different from Florida's § 893.13(1)(a), and also because it involves the immigration statute, again very different from the ACCA.").

Besides, these decisions cannot support an ineffective assistance claim because they were decided after counsel's representation ended. "Counsel's failure to divine [a] judicial development ... does not constitute ineffective assistance of counsel." Sullivan v. Wainwright, 695 F.2d 1306, 1309 (11th Cir. 1983).

12

See, e.g., §§ 893.13(1)(a)3, 893.03(5) Fla. Stat. (selling, manufacturing, or delivering, or possessing with intent to sell, manufacture, or deliver a Schedule V controlled substance is a first-degree misdemeanor). In turn, only a crime punishable by more than one year in prison (i.e., a felony) counts as a "controlled substance offense," so a misdemeanor would not qualify. U.S.S.G. § 4B1.2(b). However, Early ignores the fact that all of the prior convictions that supported the application of the career offender enhancement in his case were felonies. According to paragraph 59 of the PSR (to which he did not object), Early was convicted of two counts of possession of cannabis with intent to sell[12] and sentenced on July 11, 2002, and he was convicted of one count of possession of cocaine with intent to sell[13] and sentenced on November 14, 2007. PSR at ¶¶ 59.a – 59.c.[14] The United States attached the judgments of these convictions to the § 851 Information, Judgments of Prior Convictions at 7-27, and notably, Early never contested their validity, see Sent. Tr. Vol. III at 4-5. The judgments of these convictions reflect that they were each violations of section 893.13(1)(a) and were second- or third-degree felonies. Judgments of Prior Convictions at 7, 14, 21. The Eleventh Circuit has held that possession of cannabis with intent to sell and possession of cocaine with intent to sell are both controlled substance offenses. United States v. Johnson, 641 F. App'x 875, 876 (11th Cir. 2016) (possession of cannabis with intent to sell, under Florida Statute section 893.13(1)(a), is a controlled substance offense); United States v. Burton, 564 F. App'x 1017, 1019 (11th Cir. 2014) (both possession of

---

[12] Cannabis is a Schedule I controlled substance under Florida law. § 893.03(1)(c)7, Fla. Stat. Possessing cannabis with intent to sell is a third-degree felony. § 893.13(1)(a)2.

[13] Cocaine is a Schedule II controlled substance under Florida law. § 893.03(2)(a)4, Fla. Stat. Possessing cocaine with intent to sell is a second-degree felony. § 893.13(1)(a)1.

[14] The November 14, 2007, judgment also lists another conviction under section 893.13(1)(a) for the sale of cocaine. (Crim. Doc. 13-1, Judgments of Prior Convictions at 21).

13

cannabis with intent to sell and possession of cocaine with intent to sell, under section 893.13(1)(a), are controlled substance offenses); see also Smith, 775 F.3d at 1268 (a conviction under section 893.13(1)(a) is a controlled substance offense). As such, Early's suggestion that his prior drug convictions were not felonies, and therefore not controlled substance offenses, lacks merit.

As to Early's third subclaim that the government failed to support his prior convictions with Shepard documents, this assertion is frivolous. Early stipulated to being a career offender as part of his Plea Agreement, and Early never objected to paragraph 59 of the PSR, which classified him as a career offender based on the prior convictions discussed above. Based on these two facts, the government was not required to submit Shepard documents. United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009) (in addition to Shepard materials, the district court "also may base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented."); United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006) (holding that "the district court did not err in relying on the undisputed facts in Bennett's PSI to determine that his prior convictions were violent felonies under the ACCA."). In any event, the government did submit Shepard documents – the judgments of the prior convictions – in connection with the § 851 Information, and these documents amply support the career offender enhancement. As such, Early's claim that the government did not support the career offender enhancement with Shepard documents is meritless and refuted by the record.

In light of the foregoing, Early's counsel had no ground on which to object that Early lacked the prior convictions to support the career offender enhancement. As such, counsel was not ineffective, and Early's request for relief as to this claim is due to be denied.[15]

**C. Ground Three**[16]

Finally, Early claims in Ground Three that counsel was ineffective for "failing to argue that Petitioner's Fla. Stat. convictions were not Controlled Substance offenses as defined within § 994(h) and § 4B1.2 as 'delivery' can be committed by 'administering' a Controlled Substance." Motion to Vacate at 21. Early contends that a violation of Florida Statute section 893.13(1) for "delivering" a controlled substance may be committed by administering a drug. In turn, Early argues that administering a drug is different from "distribution" or "dispensing," and therefore would not meet § 4B1.2(b)'s definition of a controlled substance offense.

Early's claim misses the mark. None of Early's prior convictions under section 893.13(1)(a) were for "delivery" or possession with intent to deliver a controlled substance. Instead, the prior convictions were for the possession <u>with intent to sell</u> cannabis, Judgments of Prior Convictions at 7, 14, the possession <u>with intent to sell</u> cocaine, <u>id.</u> at 21, or for the <u>sale</u> of cocaine, <u>id.</u> Once again, the Eleventh Circuit has said that a conviction for the possession of cannabis or cocaine with intent sell is a controlled substance offense within the meaning of § 4B1.2. <u>Johnson</u>, 641 F. App'x at 876; <u>Burton</u>, 564 F. App'x at 1019; <u>see also</u> <u>Smith</u>, 775 F.3d at 1268 (a violation of section 893.13(1)(a) is a "controlled

---

[15] To the extent Early asserts a stand-alone due process violation based on his alleged misclassification as a career offender, such a claim is foreclosed by binding precedent. <u>Spencer v. United States</u>, 773 F.3d 1132, 1138-41 (11th Cir. 2014) (en banc) (a misapplication of the career offender guideline is not such a fundamental defect that it is cognizable on collateral review).

[16] Early labeled this ground as claim "IV," but it is actually the third ground.

15

substance offense"). Therefore, Early's prior convictions under section 893.13(1)(a) qualified as controlled substance offenses within the meaning of § 4B1.2(b). Early's counsel had no basis for arguing otherwise. As such, counsel's performance was neither deficient nor prejudicial, and relief on this ground is due to be denied.

### III. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Early seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Early "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the

United States District Courts, it is hereby

**ORDERED**:

1. Petitioner James Lamark Early's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1), as amended (Civ. Doc. 8, Civ. Doc. 20), is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against James Lamark Early, and close the file.

3. If Early appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of April, 2018.

*MARCIA MORALES HOWARD*
United States District Judge

Lc19

Copies:

Counsel of Record

Pro se petitioner