**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES LAMARK EARLY,

    Petitioner,

vs.                                              Case No.:    3:15-cv-487-J-34JBT
                                                                            3:12-cr-71-J-34JBT

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner James Lamark Early's Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Civ. Doc. 30, Motion for Reconsideration). The thrust of Early's Motion for Reconsideration is that the Court erred "in finding that the drug type and quantity within Title 21 U.S.C. § 841(b) are offense elements of § 841(a)." Motion for Reconsideration at 2 (citing Civ. Doc. 28, Order Denying Motion to Vacate at 8-9). The Motion for Reconsideration relates to Early's claim in his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1; Motion to Vacate) that his attorney was ineffective for not objecting to his classification as a career offender, because according to Early, the instant offenses of conviction for distributing crack cocaine were not "controlled substance offenses" under U.S.S.G §§ 4B1.1 and 4B1.2(b). Early specifically argued that his convictions for violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) are not "controlled substance offenses" because the drug type and drug quantity set forth in § 841(b)(1)(C) are not "elements" of the

1

offense.[1] And, if the drug type and drug quantity are not elements of the offense, Early argued, the Court could not have used the categorical or modified categorical approach to find that the instant offenses of conviction were "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(b).

The United States has responded in opposition. (Civ. Doc. 32, Response). In the Response, the United States reiterates that Early admitted to violating both 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) by distributing crack cocaine. Therefore, the United States argues that the Court should deny the Motion for Reconsideration. Early has filed a reply, in which he largely repeats the arguments in his Motion for Reconsideration and dismisses the government's arguments as "conclusory." (Civ. Doc. 33, Reply).

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Rule(s)). Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening

---

[1] In United States v. Sanders, the Eleventh Circuit did hold that "the specific amount and type of drugs are not elements of the [§ 841(a)(1)] offense." 668 F.3d 1298, 1309 (11th Cir. 2012) (citations omitted). However, Sanders pre-dated Alleyne v. United States, 133 S. Ct. 2151 (2013), where the Supreme Court held that any fact that increases the mandatory minimum sentence (other than the fact of a prior conviction) is an element of the offense. See also Apprendi v. New Jersey, 530 U.S. 466 (2000) (any fact that increases the maximum sentence, other than the fact of a prior conviction, is an element of the offense); Mathis v. United States, 136 S. Ct. 2243, 2256 (2016) ("If statutory alternatives carry different punishments, then under Apprendi they must be elements."). Indeed, in United States v. Curbelo, the Eleventh Circuit explained that following Apprendi and Alleyne, the drug type and drug quantity in § 841(b) are elements of the offense. 726 F.3d 1260, 1267-69 (11th Cir. 2013). As such, Sanders is no longer good law insofar as it held that the drug types and quantities under § 841(b) are not elements of the offense.

change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047 (quotations and citations omitted). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69 (citation omitted); Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that

in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation and quotation omitted).

Early's Motion for Reconsideration is due to be denied because (1) Early merely seeks to rehash old arguments, which is not an appropriate use of a motion for reconsideration, and (2) Early is substantively wrong. First, the Court has already rejected Early's claim that counsel was ineffective for not objecting to the career offender classification. As the Court explained, Early specifically stipulated that he was a career offender in his Plea Agreement. Order Denying Motion to Vacate at 8. Moreover, Early pled guilty not merely to a general violation of 21 U.S.C. § 841(a)(1), but specifically to violating § 841(b)(1)(C) (a felony) by distributing crack cocaine. Id. at 9-10. Thus, Early's instant offenses of conviction qualified as "controlled substance offenses" within the meaning of U.S.S.G. §§ 4B1.1 and 4B1.2(b). Early's counsel therefore had no basis for challenging the career offender sentence. Early has not pointed to any new evidence, new controlling authority, or a clear error that warrants granting relief. Second, Early's premise that the drug type and drug quantity under 21 U.S.C. § 841(b) are not elements of the offense is mistaken. As the Eleventh Circuit explained in Curbelo, the drug quantity and drug type are elements of the offense following Apprendi and Alleyne because they affect the mandatory minimum and maximum penalties. Curbelo, 726 F.3d at 1267-69. Thus, even if counsel had objected to the career offender classification, the Court could have used the categorical approach to determine that, based on the elements of the instant offenses of conviction, they qualified as "controlled substance offenses" under U.S.S.G. § 4B1.2(b).

Therefore, Early's Motion for Reconsideration does not warrant relief from the denial of his Motion to Vacate. In light of the foregoing, Early's Motion for Reconsideration (Civ. Doc. 30) is hereby **DENIED**.

## Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Early seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Early "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to

proceed on appeal as a pauper or motion for a certificate of appealability that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of January, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Counsel of Record

Pro se petitioner